**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA**

Fill in this information to identify your case:

| Debtor 1 | Bobby | L | Greer, Sr. |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

Case Number (If known): 20-20057

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia Order 2017-3 adopts this form in lieu of Official Form 113]

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan: ☐ contains nonstandard provisions. See paragraph 15 below.
    ☑ does not contain nonstandard provisions.

    (b) This plan: ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claims(s) that secures collateral.

    (c) This plan: ☑ seeks to avoid a lien or a security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ __730.00__ for the applicable commitment period of:

    ☐ 60 months; **or**
    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20___.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____ %    ☐ Debtor 2 _____ %

    ☑ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    Debtor receives Worker's Compensation

    (c) Additional Payments of $ _____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| TitleMax | 1998 Lincoln Town Car | n | DEBTOR | 170 | 170.00 |
| All Student Loans | Student Loans | n | DEBTOR | unknown | unknown |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ 4,500.00 .

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Progressive Leas | PMSI | 2,548.00 | 5.0% | 51.93 |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The

plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Santander | 2017 Dodge | 27,000.00 | 5.0% | 550.32 |
| W. S. Badcock | PMSI-HHG's | 900.00 | 5.0% | 18.34 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid 100% ☐ with interest at _____ % per annum **or** ☐ without interest.

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a  0.00 % dividend or a pro rata share of $  800.00 , whichever is greater.

5. **Executory Contracts.**

(a) **Maintenance of Current Installment Payments of Rejection of Executory Contracts(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| Title Max | 1998 Lincoln Town Car | Assumed | 170 | Debtor |
| Title Max | 99 Lincoln;97 Mercury;98 Ford | Reject | n/a | n/a |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), The Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditors(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| Glynn Finance | | HHG's |
| OneMain Financial | | HHG's |
| Regional Finance & Security Finance | | HHG's |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in

paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from the entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

**10. Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C. § 1325(a)(5).

**11. Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supercede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

**12. Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

**13. Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

**14. Service of Plan.** pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on a valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

**15. Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form of deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:    1/30/20

/s/ Bobby         L         Greer, Sr.
*Debtor 1*

/s/
*Debtor 2*

/s/ William S. Orange, III
*Attorney for the Debtor(s)*

**GASB-Form 113 [Rev. 12/1/17]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

IN RE:
Bobby    L    Greer, Sr.                           Chapter 13 Case

            Debtor(s)                              Case No.: 20-20057

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing the same in the United States Mail with proper postage affixed thereon to the following addresses:

**(See attached matrix)**

      I hereby certify that I have served a copy of the Chaper 13 Plan on the following corporations addressed to an Agent or Officer by First Class Mail with proper postage affixed thereon to the following addresses:

**(See attached matrix --For each entity required to be served pursuant to Fed. R. Bankr. P 7004(b)(3) the wording "ATTN: Managing Officer (or appropriate similar wording) is included in the address.)**

      I hereby certify that the following insured depository institutions were served by Certified Mail addressed to the officer of the institution:

      I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

      M. Elaina Massey
      Chapter 13 Trustee
      ecf@ch13bwk.com


Dated:    1/30/20

                                            /s/ William S. Orange, III
                                            Debtor's Attorney
                                            1419 Newcastle St.
                                            Brunswick, GA 31520
                                            912-267-9272

BOBBY LEON GREER, SR.
158 CALLIE CIRCLE
BRUNSWICK GA 31523-6409

CREDIT ACCEPTANCE
ATTENTION: MANAGING OFFICER
25505 W. TWELVE MILE ROAD, #3000
SOUTHFIELD MI 48034-8339

J.C. PENNEY
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 965009
ORLANDO FL 32896-5009

WILLIAM S. ORANGE, III
WILLIAM S. ORANGE, III
1419 NEWCASTLE ST.
BRUNSWICK, GA 31520

CREDIT ONE BANK
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 60500
CITY OF INDUSTRY CA 91716-0500

JEFFERSON CAPITAL SYSTEMS
ATTENTION: MANAGING OFFICER
16 MCLELAND ROAD
SAINT CLOUD MN 56303

AMERICAN INFOSOURCE LP
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 5008
CAROL STREAM IL 60197-5008

DIRECT TV-BANKRUPTCY DEPT.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 6550
ENGLEWOOD CO 80155-6550

LABCORP
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 2240
BURLINGTON NC 27216-2240

AMERICOLLECT
ATTENTION: MANAGING OFFICER
1851 SOUTH ALVERNO ROAD
MANITOWOC WI 54221

DR. ASTOR T. LIM/C/O RGL
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1054
BRUNSWICK GA 31521-1054

LVNV FUNDING, LLC
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 10497
GREENVILLE SC 29603

ASHLEY FUNDING SERVICES
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 10587
GREENVILLE SC 29603-0587

DR. STEPHEN G. PAPPAS
ATTENTION: MANAGING OFFICER
2600 PARKWOOD DRIVE
BRUNSWICK GA 31520

MCKINNA AUTO SALES
ATTENTION: MANAGING OFFICER
115 MCKINNA PLACE, HWY 341
BRUNSWICK GA 31525

AU MED CTR/C/O NRS
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 8005
CLEVELAND TN 37320

ECMC
ATTENTION: MANAGING OFFICER
LOCKBOX #8682-POST OFFICE BOX 1648
SAINT PAUL MN 55116-0478

MHC RECEIVABLES
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 10497
GREENVILLE SC 29603

BELK-SYNCHRONY BANK
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 965060
ORLANDO FL 32896-5060

EMERGENCY RESOURCES GROUP
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 11349
DAYTONA BEACH FL 32120-1349

NET
ATTENTION: MANAGING OFFICER
200 WEST JACKSON BLVD., #2
CHICAGO IL 60606

CAPITAL ONE BANK USA, N.A.
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 71083
CHARLOTTE NC 28272-1083

GEORGIA EMERGENCY ASSOCIATES
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 12189
DAYTONA BEACH FL 32120-2189

NPRTO GEORGIA, LLC
ATTENTION: MANAGING OFFICER
256 WEST DATA DRIVE
DRAPER UT 84020

COOPERATIVE HEALTHCARE SERVICES
ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1213
BRUNSWICK GA 31521-1213

GLYNN FINANCE COMPANY
ATTENTION: MANAGING OFFICER
1421 NEWCASTLE STREET
BRUNSWICK GA 31520

ONE MAIN FINANCIAL
ATTENTION: MANAGING OFFICER
3372 CYPRESS MILL ROAD
BRUNSWICK GA 31520-2851

```
PORTFOLIO RECOVERY ASSOC. LLC      RISE
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
POST OFFICE BOX 12914              4150 INTERNATIONAL PLAZA, SUITE 300
NORFOLK VA 23541                   FORT WORTH TX 76109


PRA RECEIVABLES MGT, LLC           SANTANDER CONSUMER USA
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
10 ORCHARD, SUITE 100              POST OFFICE BOX 961245
LAKE FOREST CA 92630               FORT WORTH TX 76161-0244


PREMIER BANKCARD                   SECURITY FINANCE OF GEORGIA, INC.
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
POST OFFICE BOX 2208               3027 ALTAMA AVENUE
VACAVILLE CA 95696                 BRUNSWICK GA 31520


PREMIER BANKCARD                   SOUTHEAST GEORGIA HEALTH SYSTEM
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
POST OFFICE BOX 2208               POST OFFICE BOX 1518
VACAVILLE CA 95696                 BRUNSWICK GA 31521-1518


PROGRESSIVE LEASING                STRICKLAND, CERTAIN & JONES
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
POST OFFICE BOX 413110             2500 STARLING STREET, #404
SALT LAKE CITY UT 84141-3110       BRUNSWICK GA 31520


QUANTUM3 GROUP LLC-MOMA            SYNCHRONY BANK
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
POST OFFICE BOX 788                POST OFFICE BOX 965064
KIRKLAND WA 98083                  ORLANDO FL 32896-5064


REGIONAL FINANCE COMPANY OF GA     TITLE MAX OF GEORGIA, INC.-TITLEBUCKS
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
3421-6 CYPRESS MILL ROAD           15 BULL STREET, SUITE 200
BRUNSWICK GA 31520                 SAVANNAH GA 31401


RESURGENT CAPITAL SERVICES         TITLE MAX OF GEORGIA, INC.-TITLEBUCKS
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
POST OFFICE BOX 10587              15 BULL STREET, SUITE 200
GREENVILLE SC 29603-0587           SAVANNAH GA 31401


RGL ASSOCIATES, INC.               W. S. BADCOCK CORPORATION
ATTENTION: MANAGING OFFICER        ATTENTION: MANAGING OFFICER
POST OFFICE BOX 1054               POST OFFICE BOX 724
BRUNSWICK GA 31521-1054            MULBERRY FL 33860-0724
```